UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TITO E. MARRERO, | Case No.: 1:13 CV 1610 |
| Plaintiff | |
| v. | JUDGE SOLOMON OLIVER, JR. |
| JAMES MIRALDI, Judge, *et al.*, | |
| Defendants | MEMORANDUM OF OPINION AND ORDER |

### INTRODUCTION

On July 25, 2013, Plaintiff *pro se* Tito E. Marrero filed this action under 42 U.S.C. §§ 1981, 1983, 1985, and 1986 against Defendants Lorain County Court of Common Pleas Judge James Miraldi and Ohio Court of Appeals Judge Beth Whitmore, seeking monetary relief. He asserts Defendants were part of a conspiracy which resulted in his convictions in 2010, pursuant to a no contest plea, for trafficking in cocaine, possession of cocaine, and possession of drug paraphernalia. *See, State v. Marrero*, Lorain County Court of Common Pleas No. 08CR075288, http://cp.onlinedockets.com/loraincp/case_dockets/search.aspx.

Plaintiff alleges Judge Miraldi, who presided in his criminal case, did not recuse himself, made incorrect rulings, and altered records. Plaintiff further alleges that Judge Whitmore applied an incorrect standard of review in affirming his convictions, and that she discriminated against him by not correcting manifest injustice.

Defendants have moved to dismiss this case on the grounds that this Court lacks of jurisdiction and that Plaintiff has failed to state a claim upon which relief can be granted. Those motions are fully briefed and ripe for decision.

**STANDARD OF REVIEW**

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555.  The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009).  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

While a *pro se* complaint should be liberally construed in a light most favorable to the plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), the district court is not required to accept summary allegations or unwarranted legal conclusions in determining whether the complaint states a claim for relief. *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996).

**LAW AND ANALYSIS**

A.  <u>Judicial Immunity</u>

Judicial officers are generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).  This far-reaching protection is needed to ensure that the independent and impartial exercise of judgment is not impaired by the exposure to potential damages. *Barnes*, 105 F.3d at 1115.  For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12;

*Barnes*, 105 F.3d at 1116. Plaintiff alleges no facts suggesting either of these criteria has been met in this case with respect to the conduct of either defendant.

The determination of whether an action is performed in the defendants' judicial capacity, depends on the "nature" and "function" of the act, not on the act itself. *Mireles*, 502 U.S. at 13; *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Looking first to the "nature" of the act, the court must determine whether it is a function generally performed by a judge. *Stump*, 435 U.S. at 362. This inquiry does not involve a rigid scrutiny of the particular act in question, but rather requires only an overall examination of the judge's alleged conduct in relation to general functions normally performed by judges. *Mireles*, 502 U.S. at 13. Second, an examination of the "function" of the act alleged requires the court to assess whether the parties dealt with the judge in his judicial capacity.

Applying these principles, it is readily apparent on the face of the pleading that Defendants were acting in their judicial capacities at all times that the conduct alleged by plaintiff occurred. Plaintiff therefore cannot overcome the broad application of judicial immunity under this criterion.

Judicial immunity can also be defeated when the conduct alleged, although judicial in nature, is taken in complete absence of <u>all</u> jurisdiction. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. (emphasis added.) When the immunity of the judge is at issue, the scope of the judge's jurisdiction is to be broadly construed. *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity because the action taken was performed in error, done maliciously, or was in excess of authority. *Id.* Actions taken in complete absence of all jurisdiction are those acts which are clearly outside of the subject matter jurisdiction of the court over which the judge presides. *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985); *see Barnes*, 105 F.3d at 1122. Merely acting in excess of authority does not preclude immunity. *See Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984). The allegations of the Complaint simply do not give rise to a reasonable inference that Defendants acted in the complete absence of jurisdiction.

B. Implicit Challenge to Convictions

In *Heck v. Humphrey*, 512 U.S. 477, 486, (1994), the Supreme Court held that a prisoner may not raise claims in a § 1983 action if a judgment on the merits of those claims would affect the validity of his conviction and sentence, unless the conviction and sentence had been set aside. Thus, when damages are sought in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction and sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction and sentence has already been invalidated." *Id*. at 487. If the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, "the action should be allowed to proceed in the absence of some other bar to the suit." *Id.*

In the instant case, Plaintiff raises claims which, if found to have merit, would directly call into question the validity of his convictions. As such, his convictions would have to have been declared invalid by either an Ohio state court or a federal habeas corpus decision. There is no suggestion in the complaint that Plaintiff's convictions have been declared invalid. His claims would therefore be subject to dismissal even if Defendants did not enjoy absolute judicial immunity.

## CONCLUSION

For all the foregoing reasons, this action is dismissed.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

January 28, 2014